1  James M. Finberg (State Bar No. 114850)
   Steven M. Tindall (State Bar No. 187862)
2  Peter E. Leckman (State Bar No. 235721)
   LIEFF, CABRASER, HEIMANN &
3  BERNSTEIN, LLP
   Embarcadero Center West
4  275 Battery Street, 30th Floor
   San Francisco, CA  94111-3339
5  Telephone:  (415) 956-1000
   Facsimile:  (415) 956-1008
6
7  *Counsel for the Plaintiff*

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

                                         **C 06 0963**

11  GOPI VEDACHALAM, on behalf of        CASE NO. _____
    himself and all others similarly situated,
12
                                         **CLASS ACTION COMPLAINT FOR:**
            Plaintiffs,
13                                       **(1)  CONVERSION;**
    v.
14                                       **(2)  BREACH OF CONTRACT;**
    TATA AMERICA INTERNATIONAL
15  CORPORATION, a New York              **(3)  UNJUST ENRICHMENT;**
    corporation; TATA CONSULTANCY
16  SERVICES, LTD, an Indian Corporation; **(4)  EMPLOYEE REPAYMENT OF WAGES
    and TATA SONS, LTD, an Indian              (CAL. LAB. CODE § 221);**
17  Corporation.
                                         **(5)  WAITING TIME PENALTIES
18          Defendants.                        (CAL. LAB. CODE §§ 201-203);**

19                                       **(6)  RECORD-KEEPING VIOLATIONS
                                              (CAL. LAB. CODE §§ 226, 1174);**
20
                                         **(7)  VESTED VACATION TIME AND PAY
21                                            (CAL. LAB. CODE §§ 201-203, 218.5, 227.3);**

22                                       **(8)  UNLAWFUL BUSINESS PRACTICES
                                              (CAL. BUS. & PROF. CODE § 17200, et seq.)**
23
                                         **DEMAND FOR JURY TRIAL**
24

25

26

27

28

**PRELIMINARY STATEMENT**

Individual and representative Plaintiff Gopi Vedachalam, on behalf of himself and all others similarly situated, alleges as follows:

1.      Gopi Vedachalam brings this class action on behalf of a class, and sub-class, of employees of Tata Consultancy Services, Ltd. and Tata Sons, Ltd., Indian corporations headquartered in Mumbai, India, as well as their U.S. subsidiary, Tata America International Corporation (collectively referred to as TCS or Defendants).  The class consists of all non-U.S.-citizen employees working for TCS during the period February 14, 2000 through the date of judgment in this action (the "National Employee Class").  The subclass consists of those members of the National Employee Class employed in California at any time from February 14, 2002 through the date of judgment in this action (the "California Employee Subclass").

2.      Mr. Vedachalam alleges on behalf of himself and the National Class that TCS committed conversion and was unjustly enriched by illegally requiring all of its non-U.S.-citizen employees to endorse and sign over to TCS their federal and state tax refund checks.  Vedachalam, on behalf of himself and the National Class Members, seeks damages, injunctive relief, and restitution of all unjust enrichment Defendants have enjoyed as a result of these practices.

3.      Mr. Vedachalam alleges further on behalf of himself and the National Class that TCS breached its employment contracts with its non-U.S.-citizen employees by failing to pay these employees the gross wages that TCS promised in the employees' employment contracts.  Vedachalam, on behalf of himself and the National Class Members, seeks damages, injunctive relief, and restitution of all unjust enrichment Defendants have enjoyed as a result of these practices.

4.      Mr. Vedachalam alleges on behalf of himself and the California Subclass that by requiring that their tax refund checks to be signed over to the company, TCS unlawfully collected wages from its employees.  Mr. Vedachalam further alleges that at least until 2005, TCS had an unlawful "use-it-or-lose-it" vacation policy, whereby the California Subclass members would forfeit vacation time that they earned but did not use.

1        5.      Mr. Vedachalam, on behalf of himself and the California Subclass, seeks to

2  recover wages that Defendants improperly required to be returned to TCS; vested vacation time,

3  vacation pay and interest thereon; waiting time penalties; declaratory relief; injunctive and other

4  equitable relief; and reasonable attorneys' fees and costs, under California Labor Code §§ 201-

5  203, 218.5, 221, 226, 227.3, and 1174.  Mr. Vedachalam, on behalf of himself and the California

6  Subclass Members, also seeks injunctive relief and restitution of all unjust enrichment Defendants

7  have enjoyed from their violations of California Labor Code under Business and Professions

8  Code §§ 17200-17208.

9                      **JURISDICTION AND VENUE**

10       6.      This Court has subject matter jurisdiction over this action pursuant to 28

11  U.S.C. § 1332, as recently amended by the Class Action Fairness Act, because the aggregate

12  amount claimed by the individual members of the proposed National Class and California

13  Subclass exceed $5,000,000, exclusive of interest and costs.  The National Employee Class

14  exceeds 100 persons, and its members are citizens of India and other countries, and Tata America

15  International is a citizen of New York.  The California Subclass exceeds 100 persons, and the

16  Subclass members are citizens of India and other countries who are residing in California, and

17  Tata America International is a citizen of New York.

18       7.      Personal jurisdiction over TCS is proper because it has purposefully

19  availed itself of the privilege of conducting business activities within the State of California by

20  employing workers within California, and selling its services within the State.  TCS generally has

21  maintained systematic and continuous business contacts with California.

22       8.      Venue is proper in this district pursuant to 42 U.S.C. § 2000e5(f) and

23  28 U.S.C. § 1391 (b) & (c).  Many of the acts complained of herein occurred in this District and

24  gave rise to the claims alleged.  TCS conducts business in this District and employs hundreds of

25  workers within the State of California.

26                        **THE PARTIES**

27       9.      Plaintiff Gopi Vedachalam is a citizen of India, legally working and living

28  in California under an L-1 visa. (The L-1 visa is used to transfer an employee to a US parent,

1  affiliate, subsidiary, or branch office from a related foreign company.)  In 1997, Mr. Vedachalam

2  began working for Tata Consultancy Services in Bangalore, India.  In April 2000, Tata

3  Consultancy Services "deputed" Mr. Vedachalam, sending him to work for Tata America

4  International in the United States.  Since April 2000, Mr. Vedachalam has worked in the United

5  States for Tata America International.  From 2000 to 2003, Vedachalam worked in Hayward,

6  California, as a TCS project manager for Target; since 2003, he has worked as a TCS project

7  manager for 21st Century Insurance in Woodland Hills, California.

8          10.    Defendant Tata America International Corporation ("Tata America"), a

9  U.S. subsidiary of Tata Consultancy Services, Ltd., is, and at all times mentioned herein was, a

10  New York corporation operating in the San Francisco Bay Area as well as throughout the State of

11  California and the United States.  Tata America's principal place of business is in New York,

12  New York.

13          11.    Defendant Tata Consultancy Services, Ltd. ("TCS") is an Indian

14  corporation with its principal place of business in Mumbai, India.  TCS is wholly owned by

15  Defendant Tata Sons, Ltd., an Indian corporation.

16          12.    Defendant Tata Sons, Ltd., is an Indian corporation with its principal place

17  of business in Mumbai, India.  Tata Sons is the parent company of TCS.

18                          **CLASS ALLEGATIONS**

19          13.    Vedachalam brings this class action pursuant to Fed. R. Civ. P. 23(a),

20  (b)(2), and (b)(3), on behalf of:  (1) a "National Employee Class," which includes all non-U.S.-

21  citizen employees of TCS working in the United States at any time during the period of

22  February 14, 2000 through the date of judgment in this action; and (2) a "California Employee

23  Subclass," which includes all non-U.S.-citizen employees of TCS working in California at any

24  time during the period February 14, 2002 through the date of judgment in this action.

25  A.    **National Employee Class**

26          14.    Plaintiff Vedachalam is a member of, and seeks to represent, the National

27  Employee Class.

28          15.    The members of the National Employee Class identified herein are so

1    numerous that joinder of all members is impracticable. At the end of 2005, Defendants employed

2    thousands of non-U.S.-citizen employees in the United States. Although the precise number of

3    employees affected by the illegal practices alleged herein is currently unknown, it is far greater

4    than can be addressed feasibly through joinder. The precise number is ascertainable from

5    Defendants' records.

6            16.     There are many questions of law and fact common to the National

7    Employee Class, and these questions predominate over any questions affecting only individual

8    members. Common questions of fact or law include, among others: (1) whether Plaintiff and the

9    proposed class have a right to their individual tax refund checks; (2) whether Defendants

10   unlawfully compelled the Plaintiff and the proposed class to turn over those refund checks to

11   TCS; (3) whether Defendants exerted an act of ownership or dominion over the personal property

12   of the Plaintiff and the proposed Class; (4) whether, by signing over their refund checks to TCS,

13   Plaintiff and the proposed Class conferred a benefit to Defendants; (5) whether Defendants were

14   aware of the benefit they received; (6) whether Defendants have retained this benefit under

15   circumstances that make it inequitable for Defendants to retain the benefit without the payment of

16   its value; (7) whether Defendants had a systematic plan to breach the contracts of their non-U.S.-

17   citizen employees; and (8) whether injunctive relief and other equitable remedies (including

18   restitution) and compensatory and punitive damages are warranted for the National Employee

19   Class.

20           17.     The claims of Proposed Representative Plaintiff Vedachalam are typical of

21   the claims of the National Employee Class.

22           18.     Plaintiff Vedachalam will fairly and adequately represent and protect the

23   interests of the members of the National Employee Class. Plaintiff's counsel is competent and

24   highly experienced in complex class actions.

25           19.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2)

26   because TCS has acted and/or refused to act on grounds generally applicable to the National

27   Employee Class, making appropriate declaratory and injunctive relief with respect to Plaintiff

28   Vedachalam and the National Employee Class as a whole. The law entitles members of the

1    National Employee Class to injunctive relief, including restitution of the profits Defendants have

2    unlawfully acquired and retained through their illegal acts.

3              20.    Class certification is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3)

4    because common questions of fact and law predominate over any individual questions affecting

5    members of the National Employee Class, and because a class action is superior to other available

6    methods for the fair and efficient adjudication of this litigation.  The members of National

7    Employee Class have been damaged and are entitled to recovery as a result of Defendants'

8    common, uniform, and illegal policies and practices.  Defendants have computerized payroll and

9    personnel data that will make calculation of damages for specific members of the National

10   Employee Class relatively straightforward.

11         **B.     California Employee Subclass**

12             21.    Plaintiff Vedachalam is a member of, and seeks to represent, the California

13   Employee Subclass.

14             22.    The members of the California Employee Subclass are so numerous that

15   joinder of all members is impracticable.  At the end of 2005, Defendants employed hundreds of

16   non-U.S.-citizen employees throughout California.  Although the precise number of California

17   employees affected by the illegal practices alleged herein is currently unknown, it is far greater

18   than can be feasibly addressed through joinder.  The precise number is easily ascertainable from

19   Defendants' records.

20             23.    There are many questions of law and fact common to the proposed

21   California Employee Subclass, and these common questions predominate over any questions

22   affecting only individual members.  Common questions of fact or law include, among others:

23   (1) whether Defendants compelled its California employees to repay wages already earned;

24   (2) whether Defendants refused to reimburse its California employees for vested vacation time;

25   (3) whether Defendants failed adequately to pay its dismissed California employees within 72

26   hours of those class members' terminations from the company; (4) whether Defendants willfully

27   failed to provide its California employees with accurate, itemized statements of their wages;

28   (5) whether the law entitles Plaintiff and the proposed Subclass to restitution of all unjust

494361.4                              - 5 -              CLASS ACTION COMPLAINT FOR RELIEF

1   enrichment Defendants have enjoyed from Defendants' alleged violations of the California Labor

2   Code.

3          24.    The claims of Proposed Representative Plaintiff Vedachalam are typical of

4   the claims of the California Employee Subclass.

5          25.    Plaintiff Vedachalam will fairly and adequately represent and protect the

6   interests of the members of the California Employee Subclass.  Plaintiff's counsel is competent

7   and highly experienced in complex class actions.

8          26.    Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2)

9   because Defendants have acted and/or refused to act on grounds generally applicable to the

10   California Employee Subclass, making appropriate declaratory and injunctive relief with respect

11   to Plaintiff Vedachalam, and the proposed California Employee Subclass as a whole.  The law

12   entitles the members of the California Employee Subclass to injunctive relief to end Defendants'

13   common, uniform, and illegal practices, including restitution of the profits Defendants have

14   acquired through its illegal acts.

15          27.    Class certification is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3)

16   because common questions of fact and law predominate over any questions affecting only

17   individual members of the proposed California Employee Subclass, and because a class action is

18   superior to other available methods for the fair and efficient adjudication of this litigation.

19   Defendants' practices have damaged the members of the proposed California Employee Subclass,

20   and the law entitles the proposed California Employee Subclass to recovery as a result of

21   Defendants' common, uniform, and illegal practices.  Defendants have computerized payroll and

22   personnel data that will make calculation of damages for specific members of the proposed

23   California Employee Subclass relatively straightforward.

24              **STATEMENT OF FACTS APPLICABLE TO ALL CLAIMS**

25   **A.**     **TCS's Deputation of Its Employees to the United States.**

26          28.    Most TCS employees in the United States are non-U.S. citizens.  Most of

27   these individuals have worked for TCS in India and are "deputed" to work in the United States,

28   meaning that the employees continue to work for TCS, but are stationed in the United States.

1         29.     Each employee signs a Deputation agreement that outlines the terms and

2  conditions of his or her employment in the United States.

3         30.     These employees are granted visas, which allow the employees to work

4  and live in the United States.

5         31.     The Deputation agreements state that the employee's gross amount of

6  compensation shall be includable as earnings in the United States and reported to the U.S. Internal

7  Revenue Service.

8         32.     The Deputation Agreements state that "[i]n addition to the compensation

9  and benefits you currently receive and will continue to receive in India while on Deputation, you

10  shall receive additional compensation in the United States in the gross amount of" a certain

11  number of dollars.

12         33.     While in the United States, these employees are paid by TCS, Ltd., through

13  Tata America International.

14    **B.**     **TCS's Operations**

15         34.     Plaintiff has been employed by Defendant TCS since 1997.

16         35.     TCS is the information technologies outsourcing/consulting arm of the

17  Indian conglomerate Tata Group.  Tata America is a U.S. subsidiary of TCS.  Tata America has

18  branch offices throughout the United States, including, but not limited to, Arizona, California,

19  Connecticut, Colorado, Florida, Illinois, Indiana, Kentucky, Maryland, Minnesota, Michigan,

20  New York, New Jersey, Texas, Washington, Wisconsin.

21         36.     On information and belief, Plaintiff alleges that Tata America and TCS

22  employ most of the National Employee Class as consultants that work on-site with other U.S.

23  businesses.

24                    **CLASS ALLEGATIONS**

25  **I.**    **NATIONAL EMPLOYEE CLASS**

26         37.     At least until July 2005, Defendants required that their non-U.S.-citizen

27  employees sign power of attorney agreements that delegate an outside agency to calculate and

28  submit each employee's tax returns to the applicable state and federal tax authorities.

38.  Each year that Plaintiff worked for Defendants in the United States, he has had to sign power-of-attorney agreements, delegating an outside agency to calculate and submit his state and federal tax returns.

39.  On information and belief, Plaintiff alleges that during each year of the class period, each National Employee Class member received a state and federal tax refund check, representing the amount of taxes they had overpaid the state and federal tax agencies.

40.  Each year that Plaintiff worked for Defendants in the United States, the Internal Revenue Service and California Franchise Tax Board sent to Defendants checks made out to Plaintiff representing the amount of tax he overpaid throughout the preceding year. Each year that Plaintiff Gopi Vedachalam has worked for Defendants in the United States, Defendants have required him to endorse his tax refund checks and send those checks back to the company. In 2004, for example, TCS sent Vedachalam an "Urgent Memo" that stated: "Thank you very much for your excellent support in assisting us to file the tax return on your behalf for the year [current year]. We are now forwarding you the tax refund check received from the Tax Authority. Please sign on the reverse of the cheque and return it to the below mentioned address. Your assistance in the [sic] regard will be highly appreciated."

41.  On information and belief, Plaintiff alleges that when Defendants received these tax refund checks from the respective tax agencies, made out to each of their non-U.S.-citizen employees, they sent their non-U.S.-citizen employees an "Urgent Memo," demanding that the employees endorse the checks and send them back to Defendants.

42.  On information and belief, Plaintiff alleges that Defendants have retained the proceeds from the National Employee Class members' tax refund checks. Defendants have not repaid these funds to their employees.

43.  On information and belief, Plaintiff alleges that Defendants have taken the proceeds from Plaintiff's state and federal tax refunds for each year that Vedachalam has worked in the United States. Defendants have never repaid Vedachalam the tax refund money that they required Plaintiff to sign over to them.

44.  On information and belief, Plaintiff alleges that Defendants have received

1   as much as $5,000 per year, per employee as a result of Defendants' requirement that each

2   National Employee Class member sign over his or her tax refund checks to Defendants.

3         45.    Plaintiff estimates that Defendants have retained nearly $25,000 in federal

4   and state tax refunds that rightfully belong to him.

5         46.    On information and belief, Plaintiff alleges further that Defendants have

6   failed to comply with the terms of their employment contracts with their employees by failing to

7   pay the full, additional compensation in the United States as promised in these agreements.

8   **II.**    **CALIFORNIA EMPLOYEE SUBCLASS**

9         47.    By requiring that their non-U.S.-citizen employees sign over their tax

10   refund checks to the company, Defendants require that these employees repay wages those

11   employees had previously earned.

12         48.    Plaintiff estimates that Defendants have required him to return to

13   Defendants nearly $25,000 in earned wages.  On information and belief, Plaintiff alleges that

14   Defendants have required each member of the California Employee Subclass to return similar

15   amounts to Defendants.

16         49.    TCS gives both U.S. citizen and non-U.S.-citizen employees 15 vacation

17   days a year.  All employees can carry over only five unused days to the following year.  At least

18   until 2005, although U.S. citizen employees could cash-in unused vacation days in excess of the

19   five days carried over, non-U.S.-citizen employees could not cash in their unused vacation days

20   and were required to forfeit any unused vacation days beyond the five carried over without any

21   compensation.

22         50.    Defendants  have never paid Plaintiff Vedachalam for vacation days he has

23   forfeited because he had greater than five vacation days remaining at the end of the year.

24         51.    On information and belief, Plaintiff alleges that Defendants have failed

25   adequately to compensate their dismissed California employees for all of the vacation time they

26   earned but did not use.

27         52.    While working in the United States for Defendants, Mr. Vedachalam has

28   not been provided with accurate wage statements. The statements TCS provided misstated his

1   gross income and net income because the statements did not account for the wages Defendants

2   required Mr. Vedachalam to return to them.  Moreover, Defendants regularly changed the number

3   of exemptions listed on Plaintiffs' wage statements without informing Plaintiff of the change, the

4   reasons for the change, or its consequences.  On information and belief, Plaintiff alleges that other

5   members of the California Employee Subclass similarly did not receive accurate, itemized wage

6   statements.

7          53.     By not accounting for the tax refunds that TCS required its employees

8   return to TCS, TCS has willfully refused to provide its employees with accurate wage statements.

9                           **FIRST CLAIM FOR RELIEF**
                                **CONVERSION**
10        **(by Plaintiff on behalf of himself and the National Employee Class)**

11         54.     Plaintiff hereby incorporates by reference the allegations contained in all

12   preceding paragraphs of this complaint.

13         55.     Plaintiff brings this claim on behalf of himself and the proposed National

14   Employee Class.

15         56.     The class period for the proposed National Employee Class is from

16   February 14, 2000 through the date of judgment.

17         57.     The tax refund checks TCS required its employees to return to the

18   company represent the difference between the amount of the employees' earnings that was

19   withheld for taxes and the amount of taxes actually owed.  Plaintiff and National Employee Class

20   members, therefore, have the right to receive and retain their federal and state income tax refund

21   checks.

22         58.     By requiring that each class member sign over their state and federal

23   income tax refund check to Defendants, Defendants have intentionally taken dominion and

24   control over Plaintiff and National Employee Class members' tax refund checks.

25         59.     Defendants' actions seriously interfere with Plaintiff's and proposed

26   National Class Members' rights to control and use their federal and state income tax refund

27   checks.

28         60.     Defendants' actions have caused Plaintiff and the proposed National Class

1  Members significant financial injury. Defendants' alleged conversion of Plaintiff's and proposed

2  National Class Members' state and federal income tax refund checks has deprived each class

3  member of as much as thousands of dollars per year.

4        61.   Defendants' conduct as alleged above constitutes conversion, as articulated

5  by the Restatement (Second) of Torts, the laws of New York (Tata America's state of

6  incorporation and principal place of business), and, in the alternative, the laws of California.

7        62.   Plaintiff requests relief as provided in the Prayer for Relief below.

8  **SECOND CLAIM FOR RELIEF**
<u>**BREACH OF CONTRACT—NATIONAL EMPLOYEE CLASS**</u>

9  **(by Plaintiff on behalf of himself and the National Employee Class)**

10        63.   Plaintiff hereby incorporates by reference the allegations contained in all

11  preceding paragraphs of this complaint.

12        64.   Plaintiff brings this claim on behalf of himself and the proposed National

13  Employee Class.

14        65.   The class period for the proposed National Employee Class is from

15  February 14, 2000 through the date of judgment.

16        66.   By failing to pay National Class Members the amount of additional

17  compensation provided in their Deputation Agreements, Defendants breached those contracts.

18        67.   Defendants' breach of the terms of their contracts with the members of the

19  National Employee Class entitles those members to restitution and recovery of all damages

20  caused by Defendants' nonperformance.

21        68.   It is inequitable for Defendants to retain the funds promised to the

22  proposed National Employee Class Members.

23        69.   Defendants' conduct as alleged above establishes a claim for breach of

24  contract, as articulated by the Restatement (Second) of Contracts, the laws of New York (Tata

25  America's state of incorporation and principal place of business) and, in the alternative, the laws

26  of California.

27        70.   Plaintiff requests relief as provided in the Prayer for Relief below.

28

### THIRD CLAIM FOR RELIEF
### UNJUST ENRICHMENT—NATIONAL EMPLOYEE CLASS
**(by Plaintiff on behalf of himself and the National Employee Class)**

71.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

72.     Plaintiff brings this claim on behalf of himself and the proposed National Employee Class.

73.     The class period for the proposed National Employee Class is from February 14, 2000 through the date of judgment.

74.     By endorsing and sending their federal and state income tax refund checks to Defendants, each proposed National Employee Class member conferred a substantial benefit upon Defendants each year, worth as much as thousands of dollars per Class member.

75.     By requiring each member of the proposed National Employee Class to sign tax refund check over to Defendants and submit the checks to them, Defendants knew of and fully appreciated the benefit they were receiving.

76.     It is inequitable for Defendants to retain tax refunds that rightfully belong to the proposed National Employee Class Members.

77.     By breaching their contracts with the National Employee Class members in a way that allowed TCS to retain funds that rightfully belonged to the class members, each proposed National Employee Class member has conferred a substantial benefit to the Defendants.

78.     By breaching their contracts with the National Employee Class members in a way that allowed TCS to retain funds that rightfully belonged to the class members, Defendants knew of and fully appreciated the benefit they were receiving.

79.     It is inequitable for Defendants to retain the funds that rightfully belong to the proposed National Employee Class Members.

80.     Defendants' conduct as alleged above establishes a claim for unjust enrichment, as articulated by the Restatement (Third) of Restitution and Unjust Enrichment, the laws of New York (Tata America's state of incorporation and principal place of business) and, in the alternative, the laws of California.

81.     Plaintiff requests relief as provided in the Prayer for Relief below.

## CAUSES OF ACTION UNDER OTHER STATES' LAWS

82.     Formal discovery in this case has not yet begun, and Plaintiff has not had access to information that will allow him to know with certainty which State's (or States') law of conversion, unjust enrichment, and contracts governs Defendants' conduct.  Plaintiffs are informed and believe that the conversion, unjust enrichment and contract law of New York and/or California shall govern here.  To the extent that discovery reveals that another State's law governs the conduct of Defendants' in this controversy, Plaintiff alleges causes of action for conversion, unjust enrichment, and breach of contract under any State's law based on the allegations that Defendants' conduct constituted conversion, unjust enrichment and breach of contract as articulated by the Restatement (Second) of Torts, the Restatement (Third) of Restitution and Unjust Enrichment, and the Restatement (Second) of Contracts.  To the extent that discovery reveals that another State's (or States') law of conversion and unjust enrichment governs, Plaintiffs will seek leave to amend to allege causes of action under such State's (or States') law.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF CAL. LABOR CODE § 221
### (by Plaintiff on behalf of himself and the California Employee Subclass)

83.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

84.     Plaintiff brings this claim on behalf of himself and the proposed California Employee Subclass.

85.     The class period for the California Employee Subclass is from February 14, 2002 to the date of judgment in this action.

86.     Pursuant to California Labor Code § 221, "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

87.     Pursuant to California Labor Code § 1171.5(a), "All protections, rights, and remedies available under state law, except any reinstatement remedy prohibited by federal law, are available to all individuals regardless of immigration status who have applied for

1   employment, or who are or who have been employed, in this state."

2         88.    Defendants' conduct as alleged above constitutes a violation of California

3   Labor Code § 221, because by requiring Plaintiff and proposed California Subclass members to

4   sign over their tax refunds, Defendants required Plaintiff and the proposed California Employee

5   Subclass to return to Defendants a substantial part of the wages paid by Defendants to them.

6         89.    Plaintiff requests relief as provided in the Prayer for Relief below.

7   

**FIFTH CLAIM FOR RELIEF**
**VIOLATION OF CAL. LABOR CODE §§ 201-203**
8   **(by Plaintiff on behalf of himself and the California Employee Subclass)**

9         90.    Plaintiff hereby incorporates by reference the allegations contained in all

10   preceding paragraphs of this complaint.

11         91.    Plaintiff brings this claim on behalf of himself and the proposed California

12   Employee Subclass.

13         92.    The class period for the California Employee Subclass is from February 14,

14   2002 to the date of judgment in this action.

15         93.    Pursuant to California Labor Code § 201(a), "If an employer discharges an

16   employee, the wages earned and unpaid at the time of discharge are due and payable

17   immediately."

18         94.    Pursuant to California Labor Code § 202 (a), "If an employee not having a

19   written contract for a definite period quits his or her employment, his or her wages shall become

20   due and payable not later than 72 hours thereafter, unless the employee has given 72 hours

21   previous notice of his or her intention to quit, in which case the employee is entitled to his or her

22   wages at the time of quitting."

23         95.    Pursuant to California Labor Code § 203, "If an employer willfully fails to

24   pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any

25   wages of an employee who is discharged or who quits, the wages of the employee shall continue

26   as a penalty from the due date thereof at the same rate until paid or until an action therefor is

27   commenced; but the wages shall not continue for more than 30 days."

28         96.    Pursuant to California Labor Code § 1171.5(a), "All protections, rights,

1   and remedies available under state law, except any reinstatement remedy prohibited by federal

2   law, are available to all individuals regardless of immigration status who have applied for

3   employment, or who are or who have been employed, in this state."

4         97.   Defendants' conduct as alleged above constitutes a violation of California

5   Labor Code §§ 201 through 203, because TCS failed to pay the entirety of dismissed class

6   members' wages within 72 hours of dismissal. Specifically, Defendants required Plaintiff and

7   California Employee Subclass members to pay over their tax refund checks, and Defendants

8   retained this money and did not pay it back upon the employees' termination.

9         98.   Plaintiff requests relief as provided in the Prayer for Relief below.

10                          **SIXTH CLAIM FOR RELIEF**
                 **VIOLATION OF CAL. LABOR CODE §§ 226, 1174**
11         **(by Plaintiff on behalf of himself and the California Employee Subclass)**

12        99.   Plaintiff hereby incorporates by reference the allegations contained in all

13   preceding paragraphs of this complaint.

14        100.   Plaintiff brings this claim on behalf of himself and the California Employee

15   Subclass.

16        101.   The class period for the California Employee Subclass is from February 14,

17   2002 to the date of judgment in this action.

18        102.   Pursuant to California Labor Code § 226(a), "Every employer shall,

19   semimonthly or at the time of each payment of wages, furnish each of his or her employees, either

20   as a detachable part of the check, draft, or voucher paying the employee's wages, or separately

21   when wages are paid by personal check or cash, an accurate itemized statement in writing

22   showing (1) gross wages earned, . . . (4) all deductions, provided that all deductions made on

23   written orders of the employee may be aggregated and shown as one item, (5) net wages

24   earned, . . . . The deductions made from payments of wages shall be recorded in ink or other

25   indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a

26   record of the deductions shall be kept on file by the employer for at least three years at the place

27   of employment or at a central location within the State of California."

28        103.   Pursuant to California Labor Code § 1174(d), employers shall keep "at a

1  central location in the state or at the plants or establishments at which employees are employed,

2  payroll records showing the hours worked daily by and the wages paid to, and the number of

3  piece-rate units earned by and any applicable piece rate paid to, employees employed at the

4  respective plants or establishments."

5        104.   Pursuant to California Labor Code § 1171.5(a), "All protections, rights,

6  and remedies available under state law, except any reinstatement remedy prohibited by federal

7  law, are available to all individuals regardless of immigration status who have applied for

8  employment, or who are or who have been employed, in this state."

9        105.   The conduct alleged in this complaint constitutes a violation of California

10  Labor Code §§ 226 and 1174, as Defendants failed adequately to provide accurate itemized wage

11  statements to Plaintiff and the proposed California Subclass Members' wages. Defendants

12  routinely changed the number of tax exemptions without first obtaining the consent and approval

13  of the Plaintiff, and the California Employee Subclass. The wage statements Defendants provided

14  to the class members did not accurately reflect the employees' gross or net wages, as they failed

15  to discount the employees' tax refund checks that Defendants required the employees to return to

16  the company.

17        106.  Plaintiff requests relief as provided in the Prayer for Relief below.

18           **SEVENTH CLAIM FOR RELIEF**
   **VIOLATION OF CAL. LABOR CODE §§ 218.5, 227.3, and 201-203**
19  **(by Plaintiff on behalf of himself and the California Employee Subclass)**

20        107.   Plaintiff hereby incorporates by reference the allegations contained in all

21  preceding paragraphs of this complaint.

22        108.   This claim is brought on behalf of Plaintiff Vedachalam and the California

23  Employee Subclass.

24        109.   The class period for the California Employee Subclass is from February 14,

25  2002 to the date of judgment in this action.

26        110.   Pursuant to California Labor Code § 227.3, "Unless otherwise provided by

27  a collective-bargaining agreement, whenever a contract of employment or employer policy

28  provides for paid vacations, and an employee is terminated without having taken off his vested

1    vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance

2    with such contract of employment or employer policy respecting eligibility or time served;

3    provided, however, that an employment contract or employer policy shall not provide for

4    forfeiture of vested vacation time upon termination. The Labor Commissioner or a designated

5    representative, in the resolution of any dispute with regard to vested vacation time, shall apply the

6    principles of equity and fairness."

7         111.    Pursuant to California Labor Code § 218.5, "In any action brought for the

8    nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the

9    court shall award reasonable attorney's fees and costs to the prevailing party if any party to the

10    action requests attorney's fees and costs upon the initiation of the action."

11         112.    Pursuant to California Labor Code § 1171.5(a), "All protections, rights,

12    and remedies available under state law, except any reinstatement remedy prohibited by federal

13    law, are available to all individuals regardless of immigration status who have applied for

14    employment, or who are or who have been employed, in this state."

15         113.    Pursuant to California Labor Code § 201(a), "If an employer discharges an

16    employee, the wages earned and unpaid at the time of discharge are due and payable

17    immediately."

18         114.    Pursuant to California Labor Code § 202 (a), "If an employee not having a

19    written contract for a definite period quits his or her employment, his or her wages shall become

20    due and payable not later than 72 hours thereafter, unless the employee has given 72 hours

21    previous notice of his or her intention to quit, in which case the employee is entitled to his or her

22    wages at the time of quitting."

23         115.    Pursuant to California Labor Code § 203, "If an employer willfully fails to

24    pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any

25    wages of an employee who is discharged or who quits, the wages of the employee shall continue

26    as a penalty from the due date thereof at the same rate until paid or until an action therefor is

27    commenced; but the wages shall not continue for more than 30 days."

28         116.    The conduct alleged in this complaint constitutes a violation of California

Labor Code §§ 201, 202, 203, 218.5, and 227.3, because Defendants' forfeiture of vested but unused vacation pay, as alleged above, constitutes an unlawful "use-it-or-lose-it" vacation policy. TCS did not reimburse its terminated employees with the vacation time they had accrued.

117.    Plaintiff requests relief as provided in the Prayer for Relief below.

## EIGHTH CLAIM FOR RELIEF
### VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200
**(by Plaintiff on behalf of himself and the proposed California Employee Subclass)**

118.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

119.    Plaintiff brings this claim on behalf of himself and the proposed California Employee Subclass.

120.    The class period for the California Employee Subclass is from February 14, 2002 to the date of judgment in this action.

121.    Defendants' violations of California Labor Code §§ 201-203, 221, 226, 227.3, and 1174, as alleged above, constitute unlawful business acts or practices.

122.    Defendants' failure to pay wages as alleged herein to Plaintiffs and members of the proposed classes under California Labor Code, and Defendants' failure to keep proper records, as alleged herein, constitute unlawful activities prohibited by Business and Professions Code §§ 17200, *et seq.*

123.    The actions of Defendants in failing to pay Plaintiffs and members of the proposed class in a lawful manner, as alleged herein, constitute false, unfair, fraudulent and deceptive business practice, within the meaning of Business and Professions Code §§ 17200, *et seq.*

124.    Defendants' conduct as alleged herein has damaged Plaintiffs and proposed class members by wrongfully failing to pay them all wages due upon termination of employment, and by failing to provide itemized wage statements. Such conduct was substantially injurious to Plaintiffs and the proposed class.

125.    Under the circumstances alleged herein, it would be inequitable and result in a miscarriage of justice for Defendants to continue to retain the property of Plaintiffs and

1   proposed class members, entitling Plaintiffs and proposed class members to restitution of the

2   unfair benefits obtained and disgorgement of Defendants' ill-gotten gains.

3          126.    As a result of Defendants' unlawful business acts or practices, Defendants

4   have reaped and continue to reap unfair benefits and illegal profits at the expense of Plaintiff and

5   the proposed California Employee Subclass.

6          127.    Defendants' improper, unfair and unlawful business practices and acts

7   alleged herein constitute a continuing threat to Plaintiff, Subclass members, and members of the

8   public in that, unless restrained, Defendants may continue to violate California Labor law.

9   Pursuant to Business and Professions Code § 17203, Plaintiff, on behalf of himself, the Plaintiff

10  Class, and the general public, seeks a permanent injunction requiring Defendants to cease its

11  unlawful and unfair business practices and acts.

12         128.    As a direct and proximate result of the aforementioned practices and acts,

13  Defendants have been unjustly enriched, and Plaintiff, the proposed California Employee

14  Subclass, and the general public are entitled to restitution in an amount to be determined at trial.

15         129.    Plaintiff requests relief as provided in the Prayer for Relief below.

16                          **RELIEF ALLEGATIONS**

17         130.    Plaintiff and the classes he seeks to represent have no plain, adequate, or

18  complete remedy at law to redress the wrongs alleged herein, and the injunctive relief sought in

19  this action is the only means of securing complete and adequate relief.  Plaintiff and the classes he

20  seeks to represent are now suffering and will continue to suffer irreparable injury from TCS's

21  illegal acts.

22         131.    The actions on the part of Defendant have caused and continue to cause

23  Plaintiff and the proposed classes substantial losses in earnings, other compensation, and other

24  employment benefits, in an amount to be determined according to proof.

25         132.    Defendants acted or failed to act as herein alleged with malice or reckless

26  indifference to the protected rights of Plaintiff Vedachalam and members of the proposed classes.

27  Plaintiff Vedachalam and members of the proposed classes are thus entitled to recover punitive

28  damages in an amount to be determined according to proof.

## PRAYER FOR RELIEF

      **WHEREFORE,** Plaintiff, on behalf of himself and the proposed classes, prays for relief as follows:

      1.     Certification of the case as a class action on behalf of the proposed Plaintiff classes, and designation of Plaintiff as representative of the classes and his counsel of record as Class Counsel;

      2.     Damages and equitable relief for all harm the individual Plaintiff and the classes have sustained as a result of Defendants' conduct, according to proof;

      3.     Exemplary and punitive damages in an amount commensurate with Defendants' ability to pay and to deter future unlawful conduct;

      4.     A preliminary and permanent injunction against Defendants and their directors, officers, owners, agents, successors, employees, and representatives—and any and all persons acting in concert with them—from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

      5.     A declaratory judgment that the practices complained of in this complaint are unlawful and violate applicable federal and state law.

      6.     Costs incurred, including reasonable attorneys' fees, to the extent allowable by law;

      7.     Pre-Judgment and Post-Judgment interest, as provided by law; and

      8.     Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: February 14, 2006

LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP

By: _____
Steven M. Tindall

James M. Finberg (State Bar No. 114850)
Steven M. Tindall (State Bar No. 187862)
Peter E. Leckman (State Bar No. 235721)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Counsel for the Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated:  February 14, 2006

LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP

By: _____
        Steven M. Tindall

James M. Finberg (State Bar No. 114850)
Steven M. Tindall (State Bar No. 187862)
Peter E. Leckman (State Bar No. 235721)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

*Counsel for the Plaintiff*