IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GOPI VEDACHALAM and KANGANA BERI, on behalf of themselves and all others similarly situated

           Plaintiff,

    v

TATA AMERICA INTERNATIONAL CORPORATION, a New York corporation; TATA CONSULTANCY SERVICES, LTD, an Indian corporation; and TATA SONS, LTD, an Indian corporation

           Defendant.
_____/

No C 06-00963 VRW

ORDER

       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED NOVEMBER 30, 2006 AT 2:00 PM:

       The court has reviewed the parties' papers and does not wish to hear the parties reargue matters addressed therein.  If the parties intend to rely on authorities not cited in their briefs,

they are ORDERED to notify the court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing.  If the parties submit such additional authorities, they shall submit the citations to the authorities only, without argument or additional briefing.  Cf N D Civil Local Rule 7-3(d).  The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The parties shall address the following questions:

1. Both parties have made arguments relating to formation and validity of the 1997 Service Agreement and September 24, 2000 letter.  Neither party, however, has addressed choice of law.  Should the court apply federal common law, Indian law, California law, international law or some combination?  What authorities support this choice?

2. Article II, section 2 of the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention") provides that an "'agreement in writing' shall include an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in an exchange of letters or telegrams." Should the court interpret "shall include" broadly as "words of enlargement" as defendants argue?

3. Article II, section 3 of the Convention applies to "a subject matter capable of settlement by arbitration." Plaintiff has asked for injunctive relief.  Is injunctive relief available in Indian arbitration against all three defendants?

4. Defendants assert that they have changed their policy on paying employee's taxes.  Do these policy changes moot Vedachalam's claims for injunctive relief?

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

**2**