IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOPI VEDACHALAM and KANGANA BERI,<br><br>    Plaintiffs,<br><br>  v.<br><br>TATA AMERICA INTERNATIONAL CORPORATION, et al.,<br><br>    Defendants. | No. C 06-0963 CW<br><br>ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO SEAL (Docket No. 148) |

    Defendants Tata America International Corporation; Tata Consultancy Services, Ltd.; and Tata Sons, Ltd., move for leave to file under seal Exhibits A, F, G, L, V, Y, Z, CC, GG, HH, KK, MM, PP, QQ, WW and XX to the Declaration of Kevin J. Smith filed in support of their Motion for Partial Summary Judgment and Exhibits 1 and 2 to the Declaration of Ashok Mukherjee filed in support of the same.

    Defendants' filings are connected to a dispositive motion. Accordingly, it "must overcome a strong presumption of access by showing that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010) (citation omitted). This

cannot be established simply by showing that a document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal. Civ. L.R. 79-5(a). If a document has been designated as confidential by another party, that party must file a declaration establishing that the document is sealable. Civ. L.R. 79-5(d).

Defendants assert that these documents must be sealed because they "contain sensitive, proprietary or confidential information." Smith Decl. ¶ 3. This general statement is not sufficient to support the sealing of documents related to a dispositive motion. Defendants also note that some of these documents have been designated confidential by Plaintiffs Gopi Vedachalam and Kangana Beri, which requires Plaintiffs to file a declaration supporting Defendants' motion. They have not done so.

Accordingly, Defendants' motion for leave to file documents under seal is DENIED without prejudice. Within three days of the date of this Order, Defendants may renew their motion, so long as they support it with a declaration demonstrating with particularity the need to file each of the documents under seal. Further, Defendants shall identify the documents Plaintiffs designated as confidential. Plaintiffs may then file a declaration establishing the sealability of these documents within seven days of the date Defendants file their renewed motion; if Plaintiffs fail to do so, the documents they designated as confidential shall be filed in the public record.

In the alternative, Defendants may decline to renew their motion and file in the public record the documents they have designated as confidential.

IT IS SO ORDERED.

Dated: 2/7/2011

CLAUDIA WILKEN
United States District Judge