UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GOPI VEDACHALAM, et al.,

        Plaintiffs,

    v.

TATA AMERICA INTERNATIONAL CORPORATION, et al.,

        Defendants.

_____/

No.   C 06-00963 CW (EDL)

**ORDER GRANTING MOTION TO QUASH**

Plaintiffs have filed a motion to quash three deposition subpoenas issued to class members who submitted but then withdrew declarations in support of class certification. The Court granted a request to hear the motion to on shortened time in light of the upcoming class certification discovery cutoff. Having determined that this motion is appropriate for resolution without the need for oral argument, the Court hereby GRANTS the motion to quash.[1]

In support of their motion for class certification, Plaintiffs submitted 46 declarations from proposed class members. Defendants produced the declarants' personnel files and Plaintiffs produced the declarants' documents on a rolling basis as received, to the extent that the parties were able to obtain these documents. Defendants have taken the depositions of at least 28 of the declarants throughout the United States and abroad, and several more depositions are scheduled to occur prior to the class certification discovery cutoff of August 26. However, three of the declarants

---

[1] The parties do not dispute that this Court has jurisdiction to determine the dispute over the subpoenas even though they were issued in the Central District of California, the Eastern District of North Carolina, and the District of Minnesota, because the declarants consent to have this Court resolve the issue. Lehe Decl. ¶ 21; Fincher v. Keller Industries, Inc., 129 F.R.D. 123, 125 (M.D.N.C. 1990) (noting that issuing court hears non-party subpoena disputes unless non-party consents to transfer the discovery matter to the trial court).

1  on whom deposition subpoenas were served informed counsel that they cannot sit for a deposition
2  under any circumstances for various personal reasons.  They therefore withdrew their declarations in
3  support of class certification.  Despite these declarants' withdrawal of their declarations and
4  Defendants' knowledge of their personal hardships (e.g., obligations to care for an infant, possible
5  job retaliation against a relative, and financial hardship), Defendants still seek to enforce these three
6  deposition subpoenas.

7  Having withdrawn their declarations, these three declarants are on equal footing with
8  unnamed, absent class members.  See Feldman v. Motorola, Inc., 1992 U.S. Dist. LEXIS 20586,
9  *19-20 (N.D. Ill. Nov. 5, 1992) (applying absent class member standard to named class members
10 who had withdrawn); Cornn v. UPS, 2006 U.S. Dist. LEXIS 69196, *6-7 (N.D. Cal. Sept. 14, 2006)
11 ("[n]othing in Rule 23 suggests that class members are deemed 'parties'" for purposes of
12 deposition).  Thus, Defendants must show that: (1) the discovery is not designed to take undue
13 advantage of class members or to reduce the size of the class, (2) the discovery is necessary, (3)
14 responding to the discovery requests would not require the assistance of counsel, and (4) the
15 discovery seeks information that is not already known by the proponent.  McPhail v. First Command
16 Fin. Planning, Inc., 251 F.R.D. 514, 517 (S.D. Cal. 2008).

17 Defendants' insistence on these three depositions, despite the significant other discovery it
18 has already obtained to support its opposition to class certification, indicates a possible attempt to
19 unduly burden these class members. Defendants knew that one of the declarations was withdrawn
20 prior to issuance of the subpoena and the others were subsequently withdrawn, so the effect of these
21 depositions which entail personal hardship is to burden the declarants for previously participating in
22 the litigation. Defendants have made insufficient effort to address these individual's personal
23 hardships relating to the depositions.

24 Further, the depositions do not appear to be "necessary."  These individuals have withdrawn
25 their declarations so the Court will not consider them in ruling on the class certification motion.
26 Additionally, this is essentially a breach of contract dispute over whether class members were paid
27 the amount Defendants were contractually required to pay them, and the employment documents
28 themselves (contracts, deputation agreements, earnings statements, appropriation of tax refund
   checks) are likely the most important evidence.  Further, Defendants have or will take many
   depositions of other class members.  Defendants have not shown why depositions from these three

individuals, as opposed to the multiple others already or about to be deposed or the documents previously produced, are needed when they have significant other evidence to support their class certification opposition already.

Further, the information to be gathered from these individuals, even if relevant, can largely be obtained from other sources within Defendants' control.  For example, information about the veracity of the statements in the withdrawn declarations is available in Defendants' personnel files for each of the three individuals, as well as documents produced by at least two of the declarants.  Defendants' failure to retain complete personnel records should not be used as a reason to subject the individuals to depositions.  Information relating to the case more generally has also been obtained from other class members' depositions and will be obtained during eight additional depositions scheduled for the coming weeks.

Even if they were not subject to a higher standard for absent class members, the deposition subpoenas would still be quashed as unduly burdensome.  See Fed. R. Civ. P. 45(c)(1) ("[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena.").  Complying with the subpoenas would impose a significant burden by requiring the declarants to neglect significant demands of their families and employers to sit for depositions, and outweighs the relatively minimal relevance or necessity of the depositions in the context of class certification.

Plaintiffs' motion to quash is GRANTED.

Dated:   August 11, 2011

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge