IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOPI VEDACHALAM and KANGANA BERI, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>TATA CONSULTANCY SERVICES, LTD, an Indian Corporation; and TATA SONS, LTD, an Indian Corporation,<br><br>　　　　Defendants.<br>_____ / | No. C 06-0963 CW<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANTS' MOTION PURSUANT TO RULE 56(D) (Docket Nos. 281 and 288) AND SETTING FURTHER CASE MANAGEMENT CONFERENCE |

　　Plaintiffs Gopi Vedachalam and Kangana Beri move for partial summary judgment on behalf of the National and California classes against Defendants Tata Consultancy Services, Ltd., and Tata Sons, Ltd. Defendants move to stay or deny Plaintiffs' motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56(d).

　　Having considered the parties' papers, the Court GRANTS Defendants' Rule 56(d) motion and DENIES Plaintiffs' motion for partial summary judgment without prejudice to re-filing when both parties are prepared to file cross-motions for summary judgment. Rule 56(d) "should be applied with a spirit of liberality" to prevent injustice to the party facing summary judgment. Buchanan v. Stanships, Inc., 744 F.2d 1070, 1074 (5th Cir. 1984). Here, Defendants have identified certain extrinsic evidence that may be relevant to show whether the contract is reasonably susceptible of the meaning that they urge, which the Court must provisionally receive under California law. See First Nat'l Mortg. Co. v. Fed.

Realty Inv. Trust, 631 F.3d 1058, 1067 (9th Cir. 2011). Defendants have also identified evidence which may be relevant to their affirmative defenses. While discovery has been underway in this case for a period of time and discovery was not formally bifurcated, it is reasonable that the parties focused first on discovery relevant to class certification prior to the Court's resolution of that issue, and shifted their focus to merits discovery after the Court issued its order certifying classes to prosecute certain claims in this case.

Further, the Court notes that, were it to consider the merits of Plaintiffs' motion for partial summary judgment at this time, the state of the record at this time would incline the Court to deny the motion, at least in part. While Plaintiffs assert that Defendants' "practice was to deduct the amount of the employees' Indian salary from their gross U.S. compensation every month," Mot. at 6, there appears to be a material dispute of fact as to whether Defendants deducted employees' Indian salary from their gross United States compensation or from their total gross compensation, and whether the latter practice was authorized by the employment contracts.

The Court sets a further case management conference for August 29, 2012 at 2:00 p.m. to set the remaining dates in this case.

IT IS SO ORDERED.

Dated: August 3, 2012

CLAUDIA WILKEN
United States District Judge

2