1   Kelly M. Dermody (State Bar No. 171716)
    kdermody@lchb.com
2   Daniel M. Hutchinson (State Bar No. 239458)
    dhutchinson@lchb.com
3   Anne B. Shaver (State Bar No. 255928)
    ashaver@lchb.com
4   LIEFF, CABRASER, HEIMANN &
    BERNSTEIN, LLP
5   275 Battery Street, 29th Floor
    San Francisco, CA  94111
6   Telephone: (415) 956-1000
    Facsimile:  (415) 956-1008
7
    Steven M. Tindall (State Bar No. 187862)
8   stindall@rhdtlaw.com
    Rosha Jones (State Bar No. 279143)
9   rjones@rhdtlaw.com
    RUKIN HYLAND DORIA & TINDALL LLP
10  100 Pine Street, Suite 2150
    San Francisco, CA  94111
11  Telephone: (415) 421-1800
    Facsimile:  (415) 421-1700
12
13  *Counsel for Plaintiffs and the National and
    California Classes*
14

15                  UNITED STATES DISTRICT COURT

16                NORTHERN DISTRICT OF CALIFORNIA

17  GOPI VEDACHALAM and KANGANA          CASE NO.  C 06-0963 CW
    BERI, on behalf of themselves and all
18  others similarly situated,           **[PROPOSED] ORDER GRANTING
                                         APPLICATION FOR APPROVAL OF
19                  Plaintiffs,          SERVICE AWARDS**

20        v.

21  TATA CONSULTANCY SERVICES,
    LTD, an Indian Corporation; and TATA
22  SONS, LTD, an Indian Corporation,

23                  Defendants.

24

25

26          On July 18, 2013, at 2:00 p.m., the parties appeared for a hearing on Plaintiffs'

27  Application for Approval of Service Awards for the Class Representatives and the Testifying

28  Declarants.  Based upon all papers on file with the Court and the arguments of counsel, the Court

finds that the proposed service payments are fair and reasonable, taking into account "'the actions the plaintiff[s] [have] taken to protect the interests of the class, the degree to which the class has benefited from those actions, . . .[and] the amount of time and effort the plaintiff[s] expended in pursuing this litigation . . .'" *Staton v. Boeing*, 327 F.3d 938, 977 (9th Cir. 2003) (quoting *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)).

The Court finds that the service awards to the Class Representatives are fair and reasonable under the *Staton* factors. Each Class Representative submitted a detailed declaration describing his or her contribution to the prosecution and settlement of this case, as well as the amount of time expended in his or her efforts. Gopi Vedachalam spent approximately 624 hours fulfilling his role as Class Representative since initiating this case in contacting Class Counsel in 2005. His contributions include each of the following: carefully reviewing drafts of pleadings and other documents (including the initial Complaint) and providing input on these key documents before authorizing his attorneys to file them; gathering documents and other potential evidence about Defendants and about his claims to provide to Class Counsel for production to Defendants, including providing documents to support his claims and the names of witnesses and Class Members to support Class claims; helping his counsel understand company practices so counsel could formulate proper discovery requests; preparing and reviewing responses to discovery requests; reviewing documents produced by Tata that related to his claims; communicating with Class Counsel about his declaration in support of class certification, and reviewing and correcting multiple iterations of the declaration; testifying in a deposition taken by Defendants on July 30, 2010, and travelling from India to New York to do so; preparing for the deposition with his attorneys; reviewing and correcting the deposition transcript following his deposition; participating in numerous phone and email conferences with Class Counsel during the two-day mediation and the following weeks of extended negotiation; reviewing the settlement agreement and consulting with Class Counsel regarding all settlement terms and providing feedback to his attorneys to ensure that the Settlement submitted to the Court addressed his concerns; talking to class members who contacted him directly about this case; participating in

regular international conference calls with his attorneys throughout the duration of this case; communicating regularly with counsel by way of email correspondence; and preparing a statement for a press release on the case to inform other employees of this action.  In addition, after resigning from Tata in the U.S., Mr. Vedachalam altered his personal plans in order to return to India to work for Tata for six months rather than jeopardize the class action with any issues that might arise from a contract dispute with his former employer.

Kangana Beri spent approximately 451 hours fulfilling her role as Class Representative since contacting Class Counsel in 2006.  Her contributions include each of the following: carefully reviewing drafts of pleadings and other documents (including the initial Complaint) providing input on these key documents before authorizing her attorneys to file them; gathering documents and other potential evidence about Defendants and about her claims to provide to Class Counsel for production to Defendants, including providing documents to support her claims and the names of witnesses and Class Members to support Class claims; helping her counsel understand company practices so counsel could formulate proper discovery requests; preparing and reviewing responses to discovery requests; reviewing documents produced by Tata that related to her and her claims; communicating with Class Counsel about her declaration in support of class certification, and reviewing and correcting multiple iterations of the declaration; testifying in a deposition taken by Defendants on June 7, 2010, and travelling from Renton, Washington to San Francisco to do so; preparing for the deposition with her attorneys; reviewing and correcting the deposition transcript following her deposition; participating in numerous phone conferences with Class Counsel during the two-day mediation and the following weeks of extended negotiation; reviewing the settlement agreement and consulting with Class Counsel regarding all settlement terms and providing feedback to her attorneys to ensure that the Settlement submitted to the Court addressed her concerns; talking to class members who contacted her directly about this case; participating in regular conference calls with her attorneys throughout the duration of this case; and communicating regularly with counsel by way of email correspondence.

~~PROPOSED~~ ORDER
CASE NO.  C 06-0963 CW

In light of the record described above, the Court finds that the Class Representatives have protected the interests of the Class; the Class has benefitted from the Class Representatives' actions with a monetary settlement of $29.75 million; and the Class Representatives have expended substantial time and effort in pursuing this litigation.  Finally, the Class Representatives committed themselves to this effort despite reasonable fears of workplace retaliation, as they both still work in the IT industry.

The Court finds further that modest service award payments to the Testifying Declarants are fair, adequate, and reasonable in light of their efforts on behalf of the class and the risk they took in participating publicly in the lawsuit. The Testifying Declarants searched for and produced documents; spent hours being interviewed by Class Counsel and reviewing their declarations in support of class certification; spent hours preparing with Class Counsel for their depositions; and faced full-day depositions, which required most to either use a day of vacation from work or to take a day of unpaid leave.  Finally, they reviewed their transcripts with Class Counsel and corrected any inaccuracies.  Most importantly, the Testifying Declarants had the courage to step forward and give testimony in support of claims when many Tata employees expressed fears that the company might retaliate against them in one of four ways:  (1) (for current employees) by terminating their employment and/or cease sponsorship of their visas, thus requiring that they leave the U.S.;  (2) (for both current and former employees) by retaliating against them by targeting their families in India for harassment; (3) by informing future prospective employers that they had submitted testimony against Tata and refuse to hire them; and (4) by enforcing the provision of their employment contract that required them to work for Tata in India for six months after deputation or pay a fine.  These non-citizen guest workers stepped forward to participate in this class action with no guarantee of individual recovery, and the Court finds it appropriate to recognize these efforts with a $1,000 service award.

Accordingly, the Settlement Administrator shall distribute $35,000 to Class Representative Gopi Vedachalam, $25,000 to Class Representative Kangana Beri, and $1,000 to each Testifying Declarant within 10 days after the Final Approval Order becomes Final.  This

PROPOSED ORDER
CASE NO.  C 06-0963 CW

1093659.2

amount is separate from any other recovery to which Mr. Vedachalam, Ms. Beri, and the Testifying Declarants might be entitled under other provisions of the Settlement.

IT IS SO ORDERED.

Dated:   7/18/2013

HONORABLE CLAUDIA WILKEN
United States District Court Judge

1093659.2

~~PROPOSED~~ ORDER
CASE NO.  C 06-0963 CW