Steven M. Tindall (State Bar No. 187862)
stindall@rhdtlaw.com
Rosha Jones (State Bar No. 279143)
rjones@rhdtlaw.com
RUKIN HYLAND DORIA & TINDALL LLP
100 Pine Street, Suite 2150
San Francisco, CA 94111
Telephone: (415) 421-1800
Facsimile: (415) 421-1700

Kelly M. Dermody (State Bar No. 171716)
kdermody@lchb.com
Daniel M. Hutchinson (State Bar No. 239458)
dhutchinson@lchb.com
Anne B. Shaver (State Bar No. 255928)
ashaver@lchb.com
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Counsel for Plaintiffs and the National and California Classes*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOPI VEDACHALAM and KANGANA BERI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TATA CONSULTANCY SERVICES, LTD, an Indian Corporation; and TATA SONS, LTD, an Indian Corporation,<br><br>Defendants. | CASE NO. C 06-0963 CW<br><br>[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS |

On July 18, 2013, this Court held a hearing on the motion of Plaintiffs Gopi Vedachalam and Kangana Beri ("Plaintiffs") for an order granting approval of Plaintiffs' Motion for Attorneys' Fees and Litigation Costs. Counsel from the law firms Lieff Cabraser Heimann & Bernstein, LLP, and Rukin Hyland Doria & Tindall LLP appeared for Plaintiffs. Counsel from the law firms Kelley Drye & Warren LLP and Loeb & Loeb LLP appeared for Defendants Tata Sons, Ltd., and Tata Consultancy Services, Ltd. ("Defendants"). Based on the papers filed with the Court and presentations made to the Court at the hearing, the Court hereby grants Class Counsel's request for an award of $8,925,000 in attorneys' fees and $268,176 in litigation costs.

## I. THE REQUESTED AWARD OF ATTORNEYS' FEES IS APPROPRIATE

1. The fee award is reasonable under both methods used in this Circuit for determining fee awards in class action cases: the lodestar method and the percentage-of-the-recovery method. Plaintiffs' Counsel's efforts over the course of more than seven years of litigation have secured an excellent result for the 12,700 Class Members—in the form of the $29,750,000 settlement fund—despite substantial risks of no recovery that Plaintiffs faced throughout this litigation.

2. Under the common fund doctrine, "'a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole.'" *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1175 (S.D. Cal. 2007) (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 2003)); *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980)). Where, as is the case here, the parties establish a common fund to settle a class action, courts have discretion to choose either the "percentage" method or the "lodestar/multiplier" method to determine a reasonable attorneys' fee. *See Hanlon v. Chrysler Group*, 150 F. 3d 1011, 1029 (9th Cir. 1998); *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 109 F.3d 602, 607 (9th Cir. 1997). The Ninth Circuit has held that, regardless of whether a court "applies the lodestar or the percentage method, 'we require only that fee awards in common fund cases be *reasonable* under the circumstances.'" *Id.*

(quoting *Florida v. Dunne,* 915 F.2d 542, 545 (9th Cir. 1990)) (emphasis added by *Wash. Pub. Power* Court); *see Staton,* 327 F.3d at 963.

3. As this Court has noted previously, although "a twenty-five percent award is the benchmark in this Circuit[,] a district court may exceed the benchmark if it makes clear how it arrives at the figure ultimately awarded." *Brailsford v. Jackson Hewitt Inc.,* 2007 WL 1302978 (N.D. Cal. May 3, 2007), *5 (citing *Powers v. Eichen,* 229 F.3d 1249, 1256 (9th Cir. 2000). In *Knight v. Red Door Salons, Inc.,* 2009 WL 248367 (N.D. Cal. 2009), a judge in this Court stated as follows:

> It is not sufficient to arbitrarily apply a percentage; rather the district court must show why that percentage and the ultimate award are appropriate based on the facts of the case. *Vizcaino,* 290 F.3d at 1048. The Ninth Circuit has approved a number of factors which may be relevant to the district court's determination: (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases. *See id.* at 1048-50. It is no surprise that these factors are similar to those used in evaluating the adequacy of a settlement.

*Id.* at *5. Applying these factors here demonstrates that Plaintiffs' fee request of 30% of the common fund is appropriate under the circumstances of this case because of the excellent results obtained for the Class, the financial risks undertaken by Class Counsel and the contingent nature of the case, the complexity of the legal and factual issues and the skill required to litigate this case, awards in similar cases, and the overwhelmingly favorable reaction of the Class.

4. Overall, at 30% of the common fund, the fee award sought is only modestly more than the Ninth Circuit's 25% "benchmark" percentage. In light of the many cases in this circuit that have granted fee awards of 30% or more, the requested fee is well within the usual range of percentages awarded in similar cases. *See, e.g., In re Pacific Enterprises Sec. Litig.,* 47 F.3d 373, 379 (9th Cir. 1995) (affirming fee award equal to 33% of fund); *Garner v. State Farm Ins.,* 2010 WL 1687829 (N.D. Cal. April 22, 2010) (awarding fee of 30% of the $15 million settlement fund); *In re Activision Sec. Litig.,* 723 F. Supp. at 1375 (Patel, J.) (32.8% fee); *Linney v. Cellular Alaska P'ship,* 1997 WL 450064, *7 (N.D. Cal. 1997) (Jensen, J.) (33.3% fee); *In re Heritage Bond Litig.,* 2005 WL 1594403, at *18, n.12 (C.D. Cal Jun. 10, 2005) (C.D. Cal. June 10, 2005)

- 3 -

(noting that more than 200 federal cases have awarded fees higher than 30%); *In re Pac. Enters. Sec. Litig.*, 47 F.3d at 379 (affirming award equal to 33% of common fund); *Vizcaino*, 290 F.3d at 1047 (28% fee award); *Brailsford*, 2007 WL 1302978 at * 5 (awarding fee equal to 30% of settlement fund).[1]

5. The Court finds further that Plaintiffs' fee request is also reasonable and appropriate under the lodestar/multiplier method. *See Garner v. State Farm Ins.*, 2010 WL 1687829 at *2 (N.D. Cal. April 22, 2010) (using lodestar-multiplier method to cross-check the reasonableness of a 30% fee request and noting that "Class Counsel effectively seek a multiplier of less than 2"). Multiplying the number of hours counsel worked by a reasonable hourly rate establishes the lodestar. *Staton*, 327 F.3d at 965. After examining the time and labor required, the court may apply a multiplier to the lodestar in light of certain factors (many of which are also relevant to the percentage-of-the-fund analysis described above), including:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requiste to perform the legal service properly; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

6. Plaintiffs' Counsel has presented evidence indicating that they have devoted 12,470 hours of time since the case began and that their Plaintiffs' counsel's lodestar as of July 10, 2013 was $4,848,658, which the Court finds to be reasonable given the more than seven years that Class Counsel have worked on this litigation. Over the course of the nearly seven and a half years since this case was filed, Plaintiffs' Counsel responded to multiple motions to dismiss and

---

[1] *See also In re M.D.C. Holdings Sec. Litig.*, 1990 WL 454747, *7,10 (S.D. Cal Aug. 30, 1990) (awarding 30% fee); *Razilov v. Nationwide Mut. Ins. Co., et al.*, 2006 WL 3312024, *3 (D. Or. Nov. 13, 2006) (same); *In re Immunex Sec. Litig.*, 864 F. Supp. 142, 146 (W.D. Wash. 1994) (awarding fees equal to 30% of net settlement fund); *In re Avista Corp. Sec. Litig.*, 2007 WL 4568933, *5 (E.D. Wash. Dec. 20, 2007) (30% fee); *Hernandez v. Kovacevich*, 2005 WL 2435906, *8 (E.D. Cal. Sept. 30, 2005) (32.5% fee).

motions to compel arbitration as well as a motion for summary judgment and two appeals to the Ninth Circuit Court of Appeals. Plaintiffs' Counsel also developed substantial discovery (including taking or defending more than 40 depositions and reviewing over 600,000 pages of documents) and successfully moved to certify the National and California Classes.

7. The Court finds further that Class Counsel's hourly rates are reasonable in light of their experience (as reflected in their declarations and the declarations of their peers in the field of class action litigation), and the rates charged are comparable to other attorneys in this field. In light of the quality of the representation provided by Class Counsel in this case, the outstanding benefit to the Class obtained in the Settlement, the complexity of the case, and the risk of nonpayment, a multiplier of approximately 1.84 on Class Counsel's lodestar is reasonable and confirms the reasonableness of the fee calculated as a percentage of the fund.

8. In short, the requested fee reflects a reasonable percentage of the common fund established for the Class and is also fully supported by the lodestar/multiplier crosscheck, under which Plaintiffs' Counsel requested a multiplier of approximately 1.84 on their total lodestar of $4,848,658. Additionally, no Class Member filed any objection to Plaintiffs' fee and expenses request, which was disclosed in the settlement notice sent to Class Members. The Settlement Notice informed Class Members that Plaintiffs' motion for attorneys' fees and expenses was available for review on Class Counsel's website. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994-95 (9th Cir. 2010). As such, this Court finds Class Counsel's request for fees is reasonable.

## II. CLASS COUNSEL'S REQUEST FOR REIMBURSEMENT OF OUT-OF-POCKET EXPENSES IS REASONABLE

1. The Court finds further that the request for $268,176 in litigation expenses is reasonable. Class Counsel have submitted declarations indicating that the requested costs here are recoverable because they are both relevant to the litigation and reasonable in amount. Since the outset of this litigation in October 2005, Plaintiffs' Counsel have incurred unreimbursed costs prosecuting this case on behalf of the Class, including costs for the following: (1) copying, mailing, and serving documents; (2) obtaining deposition transcripts for the forty-two depositions

taken by the parties in the case; (3) traveling to and from depositions throughout the United States; (4) mediators' fees, incurred during two days of mediation; (5) charges for overseas telephone calls to Class Members; (6) costs for providing class notice following the Court's April 2012 class certification order; (7) conducting computer research, and (8) expert consultants' fees. Plaintiffs' Counsel put forward these out-of-pocket costs without assurance that they would be repaid. These litigation expenses were necessary to secure the resolution of this litigation.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Court hereby finds and concludes that due and adequate notice was directed to all persons and entities who are Class members, advising them of Class Counsel's intent to seek attorneys' fees and expenses, the amounts thereof, and their right to object thereto.

2. A full and fair opportunity was accorded to all such persons and entities to be heard with respect to the Fee Motion.

3. No Class Member objected to Class Counsel's request for attorneys' fees or expenses.

4. The Court hereby grants Class Counsel's request for reimbursement of $268,176 in out-of-pocket costs, plus attorneys' fees in the amount of $8,925,000, for a combined total of $9,193,176. The awarded attorneys' fees and costs shall be paid pursuant to the terms, conditions and obligations of the Settlement Agreement.

Dated: 7/18/2013

*[signature]*
HONORABLE CLAUDIA WILKEN
United States District Court Judge