Steven M. Tindall (State Bar No. 187862)
stindall@rhdtlaw.com
Rosha Jones (State Bar No. 279143)
rjones@rhdtlaw.com
RUKIN HYLAND DORIA & TINDALL LLP
100 Pine Street, Suite 2150
San Francisco, CA 94111
Telephone: (415) 421-1800
Facsimile: (415) 421-1700

Kelly M. Dermody (State Bar No. 171716)
kdermody@lchb.com
Daniel M. Hutchinson (State Bar No. 239458)
dhutchinson@lchb.com
Anne B. Shaver (State Bar No. 255928)
ashaver@lchb.com
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Counsel for Plaintiffs and the National and
California Classes*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOPI VEDACHALAM and KANGANA BERI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TATA CONSULTANCY SERVICES, LTD, an Indian Corporation; and TATA SONS, LTD, an Indian Corporation,<br><br>Defendants. | CASE NO. C 06-0963 CW<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FINAL JUDGMENT** |

1080035.1

THIS MATTER came before the Court on July 18, 2013 for final approval of the proposed Class Settlement (the "Settlement").  The Court has considered all papers filed and proceedings in this matter and held a hearing on July 18, 2013, at which time the parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the proposed settlement.  Based on the papers filed with the Court and presentations made to the Case at the hearing, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1.     The definitions and provisions of the Settlement Agreement are hereby incorporated as though fully set forth herein.  For purposes of this Order, capitalized terms used hereafter that are defined in the Settlement Agreement shall have the meaning ascribed to them in the Settlement Agreement, unless otherwise noted.

2.     The Court has jurisdiction over the subject matter of the Settlement Agreement with respect to and over all Parties to the Settlement Agreement, including all Class Members.

3.     To date, no Class Member has filed an objection to the terms of the Settlement (including the request for attorneys' fees, expenses, and class representative service payments, which are the subject of separate orders by this Court), and two Class Members have requested exclusion from the Settlement—(1) Deb Kumar Ghosh, and (2) Ravi C. Kumar.  The Court finds that the absence of objections and virtual absence of requests for exclusion indicate support for the Settlement among the National Class and California Class, which were certified by this Court by Order of April 2, 2012 and defined as follows:

> The National Class includes all non-U.S. citizens who were employed by Tata in the United States at any time from February 14, 2002 through June 30, 2005, and who were deputed to the United States after January 1, 2002 and before June 30, 2005.
>
> The California Class includes all non-U.S. citizens who were employed by Tata in California at any time since February 14, 2002 through June 30, 2005, and who were deputed to the United States after January 1, 2002 and before June 30, 2005.

4.     The Court hereby approves the Settlement and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class Members, within the authority of the parties, and the result of extensive, arm's-length negotiations.  Despite substantial risks facing the Plaintiffs in succeeding on the merits of their claims and proving damages caused by any alleged

breach of contract and other alleged violations by Defendants Tata Consultancy Services, Ltd., Tata Sons, Ltd., and Tata America International Corporation (collectively "Tata"), and maintaining a certified class through trial, the Settlement provides a total settlement of $29.75 million, and an average settlement payment of approximately $1,600 per Class Member, if all Class Members submit Address Verification Forms.  The Settlement avoids the risks that the Plaintiffs would not succeed in demonstrating that Tata breached the contracts with Class Members or improperly recouped wages from Class Members or persuading a jury that the alleged breach of contract or wage recoupment caused damages to the Class.  The Settlement also provides that Class Members will be paid shortly and thus avoids the additional delay of further motion practice, trial, and possible appeals.  Given that this case has been ongoing for over seven years (including an appeal and a petition to the Ninth Circuit Court of Appeals), avoiding a further delay in payment is particularly beneficial.

5.       The Court finds further that the notice plan set forth in the Agreement and preliminarily approved by the Court was the best practicable notice under the circumstances.  The Settlement Administrator sent out the Notice in accordance with the Notice Plan.  The Notice provided due and adequate notice of these proceedings and of the matters set forth therein, including the Settlement Agreement, to all parties entitled to such notice and satisfied the requirements of constitutional due process.  The Court specifically finds that the Notice is constitutionally sound and satisfied the requirements of Federal Rule of Civil Procedure 23, and the notice plan, as executed here, was the best notice practicable under the circumstances.

6.       Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, upon the date this Judgment becomes final, Plaintiffs and Settlement Class Members on the one hand, and Defendants on the other hand shall release each other from all "Released Claims," as that term is defined in Paragraph III.S. of the Settlement Agreement—that is, "any and all rights, duties, obligations, claims, counterclaims, defenses, actions, causes of action or liabilities, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory as of the

1080035.1

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO.  C 06-0963 CW

date of the Final Approval Order:  (a) that were brought by Plaintiffs or Defendants in the Action; or (b) that were known or unknown that arise out of the facts alleged in the Action."

7.     Without affecting the finality of this Settlement Order and Final Judgment, the Court retains continuing jurisdiction over:  (a) implementation of the Settlement Agreement and distribution of the settlement relief contemplated by the Settlement Agreement, until all acts agreed to be performed pursuant to the Settlement Agreement have been performed; and (b) all parties to this action and Settlement Class Members for the purpose of enforcing and administering the Settlement Agreement.

8.     Neither this Order  nor the Settlement Agreement constitutes an admission or concession by any of the released parties of any fault, omission, liability or wrongdoing.  This Order is not a finding of the validity or invalidity of any claims in this action or a determination of any wrongdoing by the Defendant.  The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiffs, Defendants, or the Settlement Class Members.

9.     This Court hereby dismisses this action with prejudice as to all Settlement Class Members.  The two Class Members noted above in paragraph 3 have timely and properly excluded themselves from the Settlement Class.  In the event that the Settlement Agreement does not become effective in accordance with its terms, then this Order and Final Judgment shall be vacated, and all orders entered in connection with the Settlement Agreement shall become null and void and of no further force and effect.

IT IS SO ORDERED.


Dated:  July 18, 2013.


HON. CLAUDIA WILKEN
CHIEF JUDGE, U.S. DISTRICT COURT

[PROPOSED] ORDER GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT
CASE NO.  C 06-0963 CW

1080035.1